**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Susan Dardarian *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. Department of Defense *et al.*,<br><br>*Defendants*. | Case No. 1:26-cv-1965 |

**SUPPLEMENTAL DECLARATION OF SUSAN DARDARIAN**

I, Susan ("Suki") Dardarian, declare as follows:

1. I am over eighteen years old and have personal knowledge of the facts and information in this declaration. I submitted a declaration in this action on July 29, 2026, ECF No. 18-3 ("First Declaration"). I submit this supplemental declaration in light of Plaintiffs' Supplemental Complaint, which challenges the U.S. Department of Defense ("DoD") Directive 5122.11, as amended in August 2026 ("Parnell Directive"), described below.

2. I have reviewed the Parnell Directive, which was issued on August 21, 2026. By its own terms, the Parnell Directive "incorporates and cancels" the March 9, 2026, memorandum ("DoD Memorandum") described in my First Declaration.

3. I continue to hold an active Stripes subscription. The restrictions imposed on Stripes by the DoD Memorandum remain in effect in substantially the same form under the Parnell Directive, including content restrictions on Stripes and its journalists, Parnell Directive §§ 1.2(c), 3.1(a)(2)(c), (e); unduly broad and vague standards on Stripes and its journalists, chilling the publication of large swaths of information that previously would have been published, *id.* §§ 1.2(c), 3.1(a)(2)(e); and layers of oversight by military leadership, in direct

contradiction of congressional intent to assure Stripes' editorial independence, *id.* §§ 1.2(e), 3.2(b), (d), (h), 3.3(c). Except as noted below, the statements I made in my First Declaration about the DoD Memorandum remain true of the Parnell Directive.

4. While the Parnell Directive rephrases the "good order and discipline" standard—it now bars content with "a direct, material, and immediate negative impact on military readiness and safety" "[i]n support of good order and discipline of the military," rather than requiring content to be consistent with the "good order and discipline of the military"—the new standard is equally vague and undefined, and it invokes the same standard drawn from the Uniform Code of Military Justice, violations of which can carry criminal penalties. The harms I identified from that standard therefore persist unchanged.

5. Since I signed my First Declaration, Stripes has resumed publishing comic strips. Stripes remains barred, however, from publishing editorial cartoons, including the kind that criticized the current administration that I described in my First Declaration.

6. Had DoD provided notice of, and an opportunity to comment on, the Parnell Directive, I would have submitted comments raising the same concerns I described in my First Declaration.

7. Additionally, I am aware based on a conversation with the recently terminated publisher, Max Lederer, that Assistant to the Secretary of Defense for Public Affairs, Sean Parnell, criticized him in a written performance review—related to the editor-in-chief's and a Stripes' reporter's decision to participate in a CBS interview about the fight for Stripes' editorial independence—for losing "institutional control over [his] senior leadership team who went into open rebellion against the new policy" by "participat[ing] in a network story they know was meant to criticize the DoW efforts with Stripes."

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of September 2026, in Tacoma, Washington.

Susan Dardarian